Samuel H. Hofstadter, J.
In this proceeding for the judicial settlement of the accounts of the trustee of an inter vivos trust the trustee moves for judgment on the pleadings dismissing the counterclaim in the answer of the Attorney General of the United States. The pleadings have been supplemented by a stipulation of facts and the motion is based on the pleadings as so supplemented. One half of the trust is now held for Isabella Nafziger, a daughter of the settlor, for life and the Attorney General has heretofore vested in himself the rights of Isabella Nafziger and all her lineal descendants under the trust on his finding that she is an enemy alien. The other half of the trust is held for another daughter of the settlor, Elsa Führer.
The counterclaim challenged by the present motion relates to an investment by the trustee in a participation certificate in a mortgage on the premises 17-19 East 95th Street, New York. It appears from the stipulation that the mortgage, in which the Nafziger trust held a participating interest, was in default. A foreclosure action was begun in which a receiver was appointed. A year after the default and during the pendency of the foreclosure action the trustee, which held the entire mortgage, sold it. As a result of this sale of the mortgage before the completion of the foreclosure, the trustee never acquired title to the real property covered by the mortgage. On the sale of the mortgage, the trustee credited the full proceeds of the sale to the principal account of the trust and made no apportionment between the principal and income accounts.
The counterclaim objects to the manner in which the trustee has treated this mortgage participation in the account. The Attorney General objects to the nondisclosure of the institution of the foreclosure action, and the appointment of a receiver and to the absence of a full statement of the receipts and disburse *264 ments attending the sale of the mortgage. Finally, complaint is made of the trustee’s failure to allocate the proceeds of the sale between the remaindermen and the life tenant, and judgment is demanded for the payment to the Attorney General of the life tenant’s share resulting from an appropriate allocation.
I pass over the question whether such an objection to an account, though labeled a counterclaim, is in any event subject to the present motion, especially since it is directed to nondisclosure as well as failure to apportion the proceeds of the sale between the principal and income accounts.
The broad question discussed by the parties is whether the sale of a defaulted mortgage before the completion of foreclosure, when title to the underlying real property is not taken, is a salvage operation calling for the application of the so-called Ghapal-Otis rule of apportionment between principal and income (Matter of Chapal, 269 N. Y. 464; Matter of Otis, 276 N. Y. 101). The trustee contends that since title to the realty was not acquired, the sale of the mortgage is to be treated in the same manner as the sale of any other defaulted security, when ordinarily principal is credited with the full proceeds of the sale; the trustee insists that unless title to the real estate is taken there is no salvage operation. The Attorney General, on the other hand, argues that equitable considerations make for apportionment between principal and income. The question does not appear to have been decided.
In my opinion the question should not be decided on this motion. This accounting proceeding has been pending for more than five years. Not alone the Attorney General but both Isabella Nafziger and Elsa Führer were made parties to it and both filed numerous objections to the account. A referee was appointed to take testimony and report on the objections and extended hearings have been held before the referee and the reference is still pending. During its pendency, on motion of the Attorney General, the appearance on behalf of Isabella Nafziger was stricken and the reference terminated as to the Nafziger trust, with reservations not here material. However, the reference on the Führer objections is not affected by the foregoing and the reference on these is still in progress. The Führer trust also held a participation in the 17-19 East 95th Street mortgage and evidence on the trustee’s handling of this mortgage has been taken before the referee and this is one of the items on which the referee will have to report in the Führer trust. The question whether a portion of the proceeds of the sale of this mortgage should or should not have been allocated to income account has been raised in the Führer trust and its correct solu *265 tion may well hinge in part, at least, on the facts surrounding the transaction. It is preferable that the question be considered and determined on a full record, as it must be in the Führer trust, rather than on the pleadings with none of the factual background which may bear on it. (The skeleton in the stipulation is devoid of circumstantial matter.) The court is the readier to adopt this course, since a motion for judgment on the pleadings is always addressed to discretion and here postponement of ultimate decision cannot prejudice anyone; even if the Attorney General’s position is upheld, the part of the proceeds held properly allocable to income cannot be applied to the present support of Isabella Nafziger, but will merely be paid over to the Attorney General to be held by him as the property of an enemy alien. The resolution of the issue on a full record should not be embarrassed by a decision on the meagre record now before me. Accordingly, the motion is denied without prejudice.